Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: asegal@bhfs.com
        bcloveland@bhfs.com

*Attorneys for Defendant Wilson-McShane Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLEN LERNER INJURY ATTORNEYS, a Nevada Corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>LAKE MEAD EMERGENCY PHYSICIANS, LLC, a Nevada Limited Liability Company; CMRE FINANCIAL SERVICES, INC., a California Corporation; NORTH VISTA HOSPITAL, INC., a Delaware Corporation; ORSOSITO, LIMITED LIABILITY COMPANY, a Nevada Limited Liability Company d/b/a COMPLETE CARE MEDICAL CENTER; JAGET, LTD., a Nevada Corporation d/b/a SPINAL REHABILITATION CENTERS; CHW NEVADA IMAGING COMPANY, LLC, a Nevada Limited Liability Company d/b/a NEVADA IMAGING CENTERS; HEALTHCARE SYSTEMS, INC., a Washington Corporation d/b/a HSI; AGATA-VENGER PARTNERSHIP, LLP, a Nevada Limited Liability Partnership d/b/a WESTERN REGIONAL CENTER FOR BRAIN AND SPINE SURGERY; CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada Limited Liability Company; SUNRISE MOUNTAINVIEW | CASE NO. 2:13-cv-00896-APG-GWF<br><br><br>**WILSON-MCSHANE CORPORATION'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT IN INTERPLEADER** |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

020052\0003\10352995.1

1

HOSPITAL, INC., a Nevada Corporation; WEST
VALLEY IMAGING LIMITED PARTNERSHIP,
a  Nevada Limited Partnership; NEVADA
CREDICO, INC., a Nevada Corporation d/b/a
QUANTUM COLLECTIONS; CENTENNIAL
PAIN RELIEF NETWORK, INC., a Nevada
Corporation d/b/a CENTENNIAL SPINE &
PAIN; MOUNTAIN REHABILITATION
SERVICES; MOIHARWIN DIVERSIFIED
CORPORATION,  a Nevada Corporation d/b/a
VEGAS VALLEY COLLECTION SERVICE;
LAS VEGAS NEUROSURGERY
ORTHOPAEDICS AND REHABILITATION,
LLP,  a Nevada Limited Liability Partnership;
DESERT ORTHOPAEDIC CENTER, LTD., a
Nevada Corporation; ORTHOPAEDIC MOTION,
INC.,  a Nevada Corporation; CANYON
MEDICAL BILLING, LLC, a Nevada Limited
Liability Company; MED-CARE SOLUTIONS,
LLC, a Nevada Limited Liability Company; NEW
CENTURY REHABILITATION, LLC,  Nevada
Limited Liability Company d/b/a MATT SMITH
PHYSICAL THERAPY; SDMI LIMITED
PARTNERSHIP, a Nevada Limited Partnership
d/b/a STEINBERG DIAGNOSTICS; KEY
HEALTH MEDICAL SOLUTIONS, INC., a
California Corporation; RED ROCK
DIAGNOSTICS,  a Nevada Limited Liability
Company; BRIAN A. LEMPER, D.O., a Nevada
Corporation; CARE REHAB AND
ORTHPAEDIC PRODUCTS, INC., a Virginia
Corporation d/ba/ PROGENIX; JOSEPH J.
SCHIFINI, M.D., LTD., a Nevada Corporation;
RADAR MEDICAL GROUP, LLP,  a Nevada
Limited Liability Partnership; DIAGNOSTIC
IMAGING OF SOUTHERN NEVADA LIMITED
PARTNERSHIP, a Nevada Limited Partnership;
INSTITUTE OF ORTHOPAEDIC SURGERY,
LLC, a Nevada Limited Liability Company;
NEVADA ORTHOPAEDIC & SPINE CENTER,
LLP,  a Nevada Limited Liability Partnership;
JEFFREY D. GROSS, M.D., INC., a California
Corporation d/b/a COMPREHENSIVE INJURY
INSTITUTE; OASIS WELLNESS CENTER,
LLC, a California Limited Liability Corporation;
PAIN INSTITUTE OF NEVADA, INC.,  Nevada
Corporation; JORGENSON & KOKA, LLP,  a
Nevada Limited Liability Partnership d/b/a

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

PRIMARY CARE CONSULTANTS; CARDIO
VASCULAR PLUS, INC.,  a California
Corporation; NATIONWIDE CREDIT
RECOVERY, a California corporation; TOM
BROOKS LLC, a Nevada Limited Liability
Company d/b/a TOM BROOKS PHYSICAL
THERAPY & SPORTS MEDICINE; PRACTICE
ADMINISTRATIVE CONSULTANTS,  a
California Corporation d/b/a COAST
RADIOLOGY AND IMAGING; DIOGENES
ANESTHESIA MEDICAL GROUP, INC., a
California Corporation; NATIONAL INTRA-
OPERATIVE MONITORING; PACIFIC
HOSPITAL OF LONG BEACH; JOJASO
MANAGEMENT, INC., a Nevada Corporation;
PROGRESSIVE MOTION, INC.,  a Nevada
Corporation; MEDICAL INVESTMENT, INC., a
Nevada Corporation d/b/a PURE MEDICAL
EQUIPMENT; VALLEY VIEW SURGERY
CENTER, LIMITED PARTNERSHIP, a Nevada
Limited Partnership d/b/a MEDICAL DISTRICT
SURGERY; MISSION HEALTHCARE
SERVICES, INC., a California Corporation; LAS
VEGAS RADIOLOGY, LLC,  a Nevada Limited
Liability Company; MEDICAL STRATEGY
MANAGEMENT, INC.,  a Nevada Corporation;
LUKE R. WATSON, M.D., INC., a California
Corporation; WILSON-MCSHANE
CORPORATION, a Minnesota Corporation; ACS
RECOVERY SERVICES, INC., an Illinois
Corporation; HEALTH PLAN OF NEVADA,
INC., a Nevada Corporation; DOES I-V; and ROE
CORPORATIONS I-V;

                                        Defendants.

WILSON-MCSHANE CORPORATION, a
Minnesota Corporation,

                                        Counterplaintiff,

v.


GLEN LERNER INJURY ATTORNEYS, a
Nevada Corporation,

                                        Counterdefendant.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

Defendant Wilson-McShane Corporation ("Wilson") on behalf of the Construction Industry and Laborers Health and Welfare Trust (the "Trust"), answers Plaintiff's Complaint in Interpleader ("Complaint") as follows:

1.      Answering Paragraphs 1 through 51 of the Complaint, Wilson is without sufficient knowledge or information on which to form a belief as to the truth or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein.

2.      Answering Paragraph 52 of the Complaint, Wilson admits each and every allegation therein.

3.      Answering Paragraphs 53 through 56 of the Complaint, Wilson is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein.

4.      Answering Paragraph 57 of the Complaint, Wilson is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein. Wilson, on behalf of the Trust, also affirmatively alleges that to the extent there are insufficient settlement funds from the third-party insurance company, the Trust's right to reimbursement supersedes and takes first priority over any other amounts owed to any other lien holder, regardless of Plaintiff's claim for attorney's fees.

5.      Answering Paragraphs 58 through 60 of the Complaint, Wilson is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein. Wilson, on behalf of the Trust, also affirmatively alleges

020052\0003\10352995.1

that it has valid first priority subrogation, lien, repayment, trust and assignment rights to the third party recovery in the amount of $18,307.45.

6.      Answering Paragraphs 61 through 63 of the Complaint, Wilson is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Wilson on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim against Wilson is governed and prevented by the Employee Retirement Income Security of 1974 ("ERISA"), as codified in 29 U.S.C. § 1001 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

The Trust's first priority subrogation, lien, repayment, trust and assignment rights of amounts recovered from third parties by Plaintiff is governed by the Trust's Plan's Summary Plan Description.

### FOURTH AFFIRMATIVE DEFENSE

It has been necessary for Wilson and the Trust to retain counsel to defend this action, and are therefore entitled to an award of reasonable attorney's fees.

Wilson reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

## COUNTERCLAIM

For its Counterclaim against Plaintiff/Counterdefendant Glen Lerner Injury Attorneys ("Plaintiff"), Defendant/Counterclaimant Wilson-McShane Corporation ("Wilson") on behalf of the Construction Industry and Laborers Health and Welfare Trust (the "Trust") alleges as follows:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

020052\0003\10352995.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1.      This case arises under 29 U.S.C. § 1132(a)(3). The Court has jurisdiction over the Trust's federal law claims pursuant to 29 U.S.C. § 1132(e) (ERISA) and 28 U.S.C. § 2201 (declaratory judgment), and as to the Trust's state law claims, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      The Trust is an employee welfare benefit plan, as that term is used in 29 U.S.C. § 1002(1).

3.      The Trust is a nonprofit organization described in 26 U.S.C. § 501(c)(9), namely a voluntary employee beneficiary association or "VEBA."

4.      The Trust provides health benefits to Trust participants.

5.      The Trust is not a for-profit insurance company or an insurance company of any kind, but instead is self-funded through the pooled contributions made by employers, and investment returns on those contributions.

6.      Robert Hamilton was, at all times relevant to this matter, a Trust participant, as that term is used in 29 U.S.C. § 1002(7).

7.      Dina Hamilton was, at all times relevant to this matter, a beneficiary to the Trust, as Robert Hamilton's dependent, and as that term is used in 29 U.S.C. § 1002(8).

8.      Plaintiff was the law firm representing Dina Hamilton with respect to the Trust's claims herein.

9.      Dina Hamilton was injured as a result of a car accident on January 5, 2007.

10.      At the time of injury, Dina Hamilton was a beneficiary to the Trust.

11.      The rules under which a beneficiary, like Dina Hamilton, may receive Trust benefits are set forth in the Trust's Summary Plan Description.

12.      The Trust's rules include many provisions designed to preserve Trust assets for the payment of benefits to its participants and their family members.

13.      Because the Trust is a VEBA, and not a for-profit insurance company, the Trust (through its Trustees) must take steps, through the adoption of Trust rules and otherwise, to ensure the Trust expends the limited resources it has as prudently and frugally as possible.

020052\0003\10352995.1

14. One such rule adopted by the Trust is that, if the Trust pays for injuries caused to a Trust participant by a liable third party, the Trust must be repaid out of recoveries from that liable third party.

15. The Trust's rules in this regard are designed to be fair and equitable to all participants, whose employer contributions are used to pay claims, and to ensure repayment to the Trust out of any recovery from a third party.

16. The Trust's rules state that, to the extent a beneficiary, like Dina Hamilton, recovers from a third party after the Trust has already paid benefits, the beneficiary is required to reimburse the Trust for those benefits within ten (10) days of such recovery ("Repayment Rights").

17. The Trust's Repayment Rights extend to a beneficiary's attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a participant.

18. The Trust's rules provide that when a beneficiary is injured by a third party, from the moment medical services are rendered for which the Trust pays benefits, the Trust has a first priority lien on any recoveries from a liable third party, no matter how labeled or denominated ("Lien Rights").

19. The Trust's Lien Rights extend to a beneficiary's attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary.

20. The Trust's rules provide that, to the extent a beneficiary recovers from a third party after claims have already been paid by the Trust, the beneficiary holds those funds in constructive trust for the Trust and must pay such amounts over to the Trust within ten (10) days of receipt ("Constructive Trust").

21. The Trust's Constructive Trust rights extend to a beneficiary's attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary.

22. The Trust's rules provide that any recoveries owed by a third party are deemed assigned to the Trust prior to receipt by the beneficiary, or anyone else receiving such funds on her behalf, and such funds, thus assigned, are the sole property of the Trust and subject to immediate turnover to the Trust.

020052\0003\10352995.1

23.     The Trust's rules explicitly require first priority and full reimbursement regardless of whether or not the amount recovered is sufficient to make the beneficiary whole and without deduction or offset for attorney's fees and costs.

24.     The Trust's rules provide that all its third-party recovery rules, as set forth above, are cumulative and may be asserted singly, together and in any combination.

25.     The Trust's rules provide a strict duty of cooperation with the Trust's third-party recovery rules. Failure to comply with such rules renders a participant ineligible for any Trust benefits under the terms of the ERISA-regulated employee welfare benefit plan.

26.     The Trust's rules regarding third-party recoveries state that, if any legal action is required for the Trust to enforce any of its rights, the participant and beneficiaries shall be liable to the Trust for all its legal costs, fees and expenses, without regard to whether such legal action results in a judgment or order.

27.     Plaintiff has received recoveries from third parties that exceed all of the claims the Trust has paid for benefits on Dina Hamilton's behalf for her accident-related injuries.

28.     Despite demands, Plaintiff has failed and refused to repay to the Trust the amount of medical claims it has paid on behalf of Dina Hamilton related to the injuries caused by a third party.

29.     To the contrary, Plaintiff sued the Trust in a state interpleader action, forcing the Trust to pay for attorney's fees and costs to defend that lawsuit and petition for removal to this Court.

30.     The funds recovered from the third-party are currently being held by Plaintiff.

## CLAIM ONE: ENFORCEMENT OF ERISA PLAN LIEN RULES
## AND FORECLOSURE OF LIEN
### (29 U.S.C. § 1132(a)(3))

31.     Paragraphs 1 through 30 above are incorporated by reference here as though fully set forth.

///

///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

020052\0003\10352995.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

32.     Pursuant to the Trust's Summary Plan Description, an ERISA plan document, a lien exists on third-party recoveries in an amount equal to that paid out by the Trust due to Dina Hamilton's injuries.

33.     Plaintiff has failed to turn over the third-party recoveries on which the lien exists.

34.     Plaintiff should be ordered to turn over the property on which the Trust's lien exists, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Trust attributable to the third-party's liability to Dina Hamilton for her injuries, plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM TWO: CONSTRUCTIVE TRUST

### (29 U.S.C. § 1132(a)(3))

35.     Paragraphs 1 through 34 above are incorporated by reference here as though fully set forth.

36.     Pursuant to the Trust's Summary Plan Description, an ERISA plan document, a constructive trust exists on third-party recoveries in an amount equal to that paid out by the Trust due to Dina Hamilton's injuries.

37.     Plaintiff has failed to turn over the third-party recoveries, which it holds in trust for the benefit of the Trust.

38.     Plaintiff should be ordered to turn over the property it holds in constructive trust for the Trust, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Trust attributable to the third-party's liability to Dina Hamilton for her injuries plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM THREE: ENFORCEMENT OF ERISA PLAN REPAYMENT RULES

### (29 U.S.C. § 1132(a)(3))

39.     Paragraphs 1 through 38 above are incorporated by reference here as though fully set forth.

40.     Pursuant to the Trust's Summary Plan Description, an ERISA plan document, beneficiaries and their attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary must repay to the Trust third-party recoveries in an amount equal to

020052\0003\10352995.1

that paid out by the Trust due to their injuries, which amounts are deemed assigned to the Trust under its rules.

41.     Plaintiff has failed to turn over the third-party recoveries in direct violation of the Trust's third-party repayment rules.

42.     Plaintiff should be ordered to turn over the amounts required to be repaid pursuant to the Trust's third-party repayment rules, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Trust attributable to the third-party's liability to Dina Hamilton for her injuries plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM FOUR: STATE LAW VIOLATION OF ASSIGNMENT

43.     Paragraphs 1 through 42 above are incorporated by reference here as though fully set forth.

44.     Plaintiff knew of the Trust's assigned rights to the third-party recoveries attributable to Dina Hamilton's injuries.

45.     Plaintiff has violated the Trust's assignment by failing to turn over the assigned amounts.

46.     Plaintiff, as Dina Hamilton's attorneys, is personally liable for losses incurred by the Trust, if any, due to its failure to honor the assignment to the Trust.

47.     Plaintiff should be ordered to pay the Trust the amount due for its assigned third-party recoveries attributable to Dina Hamilton's injuries plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM FIVE: PRELIMINARY INJUNCTION

48.     Paragraphs 1 through 47 above are incorporated by reference here as though fully set forth.

49.     The Trust will suffer irreparable harm if no injunction is issued as its ability to recover the amounts to which it is entitled will be severely limited.

50.     The Trust is likely to succeed on the merits of its claims for repayment and reimbursement.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

020052\0003\10352995.1

51.     The balance of hardships tips in favor of the Trust because issuance of the injunction would merely delay Plaintiff's ability to disburse the funds until the Court has made its determination; however, failure to issue the injunction, and thereby allowing Plaintiff to dissipate or disburse the funds, would severely limit the Trust's ability to recover the amounts to which it is entitled.

52.     It is clearly in the public interest to protect employee benefit plans, like the Trust, and see that rules intended to provide funding and security for the promised benefits they provide are upheld.

## CLAIM SIX: DECLARATORY JUDGMENT

### (28 U.S.C. § 2201)

53.     Paragraphs 1 through 52 above are incorporated by reference here as though fully set forth.

54.     Contrary to the Trust's claims above, Plaintiff seeks in its Complaint for immediate payment of attorney's fees and costs and to date has completely failed to disburse the amounts owed to the Trust.

55.     Thus, a dispute has arisen and an actual controversy exists between Plaintiff and the Trust with regard to the proper interpretation and application of the Trust's plan.

56.     A declaration of rights, responsibilities and obligations of the Plaintiff and the Trust is essential to determine the respective rights and obligations of the parties hereto.

WHEREFORE, the Trust prays for relief as follows:

1.     That Plaintiff's Complaint be dismissed against Wilson and Plaintiff take nothing thereby;

2.     Attorney's fees and costs to defend the Complaint and to bring this Counterclaim;

3.     Judgment against Plaintiff for an amount determined at trial;

4.     Prejudgment interest;

5.     Temporary and preliminary injunctive relief preventing the distribution or dissipation of the third-party recoveries received by Plaintiff;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

11

6.     For a declaratory judgment against Plaintiff as set forth above.

7.     For such other relief as the Court deems appropriate.

Dated this 28th day of May, 2013.        BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Bryce C. Loveland
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:  702.382.2101
Facsimile:  702.382.8135

*Attorneys for Defendant Wilson-McShane Corporation*

020052\0003\10352995.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 28th day of May, 2013, I served a true copy of the foregoing **WILSON-MCSHANE CORPORATION'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT IN INTERPLEADER** upon:

> Justin G. Randall, Esq.
> GLEN LERNER INJURY ATTORNEYS
> 4795 South Durango Drive
> Las Vegas, NV 89147
> jrandall@glenlerner.com
>
> *Attorney for Plaintiffs*

☒    **BY CM/ECF System.**

☒    **BY U.S. MAIL**

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

020052\0003\10352995.1