Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: asegal@bhfs.com
       bcloveland@bhfs.com

*Attorneys for Defendants Wilson-McShane Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLEN LERNER INJURY ATTORNEYS, a Nevada Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>LAKE MEAD EMERGENCY PHYSICIANS, LLC, a Nevada Limited Liability Company; CMRE FINANCIAL SERVICES, INC., a California Corporation; NORTH VISTA HOSPITAL, INC., a Delaware Corporation; ORSOSITO, LIMITED LIABILITY COMPANY, a Nevada Limited Liability Company d/b/a COMPLETE CARE MEDICAL CENTER; JAGET, LTD., a Nevada Corporation d/b/a SPINAL REHABILITATION CENTERS; CHW NEVADA IMAGING COMPANY, LLC, a Nevada Limited Liability Company d/b/a NEVADA IMAGING CENTERS; HEALTHCARE SYSTEMS, INC., a Washington Corporation d/b/a HSI; AGATA-VENGER PARTNERSHIP, LLP, a Nevada Limited Liability Partnership d/b/a WESTERN REGIONAL CENTER FOR BRAIN AND SPINE SURGERY; CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada Limited Liability Company; SUNRISE MOUNTAINVIEW HOSPITAL, INC., a Nevada Corporation; WEST VALLEY IMAGING LIMITED PARTNERSHIP, | CASE NO. 2:13-cv-00896-APG-GWF<br><br>**WILSON-MCSHANE CORPORATION'S THIRD PARTY COMPLAINT AGAINST DINA HAMILTON** |

1

a Nevada Limited Partnership; NEVADA CREDICO, INC., a Nevada Corporation d/b/a QUANTUM COLLECTIONS; CENTENNIAL PAIN RELIEF NETWORK, INC., a Nevada Corporation d/b/a CENTENNIAL SPINE & PAIN; MOUNTAIN REHABILITATION SERVICES; MOIHARWIN DIVERSIFIED CORPORATION, a Nevada Corporation d/b/a VEGAS VALLEY COLLECTION SERVICE; LAS VEGAS NEUROSURGERY ORTHOPAEDICS AND REHABILITATION, LLP, a Nevada Limited Liability Partnership; DESERT ORTHOPAEDIC CENTER, LTD., a Nevada Corporation; ORTHOPAEDIC MOTION, INC., a Nevada Corporation; CANYON MEDICAL BILLING, LLC, a Nevada Limited Liability Company; MED-CARE SOLUTIONS, LLC, a Nevada Limited Liability Company; NEW CENTURY REHABILITATION, LLC, Nevada Limited Liability Company d/b/a MATT SMITH PHYSICAL THERAPY; SDMI LIMITED PARTNERSHIP, a Nevada Limited Partnership d/b/a STEINBERG DIAGNOSTICS; KEY HEALTH MEDICAL SOLUTIONS, INC., a California Corporation; RED ROCK DIAGNOSTICS, a Nevada Limited Liability Company; BRIAN A. LEMPER, D.O., a Nevada Corporation; CARE REHAB AND ORTHPAEDIC PRODUCTS, INC., a Virginia Corporation d/b/a/ PROGENIX; JOSEPH J. SCHIFINI, M.D., LTD., a Nevada Corporation; RADAR MEDICAL GROUP, LLP, a Nevada Limited Liability Partnership; DIAGNOSTIC IMAGING OF SOUTHERN NEVADA LIMITED PARTNERSHIP, a Nevada Limited Partnership; INSTITUTE OF ORTHOPAEDIC SURGERY, LLC, a Nevada Limited Liability Company; NEVADA ORTHOPAEDIC & SPINE CENTER, LLP, a Nevada Limited Liability Partnership; JEFFREY D. GROSS, M.D., INC., a California Corporation d/b/a COMPREHENSIVE INJURY INSTITUTE; OASIS WELLNESS CENTER, LLC, a California Limited Liability Corporation; PAIN INSTITUTE OF NEVADA, INC., Nevada Corporation; JORGENSON & KOKA, LLP, a Nevada Limited Liability Partnership d/b/a PRIMARY CARE CONSULTANTS; CARDIO VASCULAR PLUS, INC., a California

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

| | |
|---|---|
| 1 | Corporation; NATIONWIDE CREDIT RECOVERY, a California corporation; TOM BROOKS LLC, a Nevada Limited Liability Company d/b/a TOM BROOKS PHYSICAL THERAPY & SPORTS MEDICINE; PRACTICE ADMINISTRATIVE CONSULTANTS, a California Corporation d/b/a COAST RADIOLOGY AND IMAGING; DIOGENES ANESTHESIA MEDICAL GROUP, INC., a California Corporation; NATIONAL INTRA-OPERATIVE MONITORING; PACIFIC HOSPITAL OF LONG BEACH; JOJASO MANAGEMENT, INC., a Nevada Corporation; PROGRESSIVE MOTION, INC., a Nevada Corporation; MEDICAL INVESTMENT, INC., a Nevada Corporation d/b/a PURE MEDICAL EQUIPMENT; VALLEY VIEW SURGERY CENTER, LIMITED PARTNERSHIP, a Nevada Limited Partnership d/b/a MEDICAL DISTRICT SURGERY; MISSION HEALTHCARE SERVICES, INC., a California Corporation; LAS VEGAS RADIOLOGY, LLC, a Nevada Limited Liability Company; MEDICAL STRATEGY MANAGEMENT, INC., a Nevada Corporation; LUKE R. WATSON, M.D., INC., a California Corporation; WILSON-MCSHANE CORPORATION, a Minnesota Corporation; ACS RECOVERY SERVICES, INC., an Illinois Corporation; HEALTH PLAN OF NEVADA, INC., a Nevada Corporation; DOES I-V; and ROE CORPORATIONS I-V; |
| | Defendants. |
| | WILSON-MCSHANE CORPORATION, a Minnesota Corporation, |
| | Counterplaintiff, |
| | v. |
| | GLEN LERNER INJURY ATTORNEYS, a Nevada Corporation, |
| | Counterdefendant. |

3

| | |
|---|---|
| WILSON-MCSHANE CORPORATION, a Minnesota Corporation, | |
| | Third Party Plaintiff, |
| v. | |
| DINA HAMILTON, an individual | |
| | Third Party Defendant. |

For its Third Party Complaint against Third Party Defendant Dina Hamilton, Defendant/Third Party Plaintiff Wilson-McShane Corporation ("Wilson") on behalf of the Construction Industry and Laborers Health and Welfare Trust (the "Trust") alleges as follows:

1. This case arises under 29 U.S.C. § 1132(a)(3). The Court has jurisdiction over the Trust's federal law claims pursuant to 29 U.S.C. § 1132(e) (ERISA) and 28 U.S.C. § 2201 (declaratory judgment), and as to the Trust's state law claims, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

2. The Trust is an employee welfare benefit plan, as that term is used in 29 U.S.C. § 1002(1).

3. The Trust is a nonprofit organization described in 26 U.S.C. § 501(c)(9), namely a voluntary employee beneficiary association or "VEBA."

4. The Trust provides health benefits to Trust participants.

5. The Trust is not a for-profit insurance company or an insurance company of any kind, but instead is self-funded through the pooled contributions made by employers, and investment returns on those contributions.

6. Robert Hamilton was, at all times relevant to this matter, a Trust participant, as that term is used in 29 U.S.C. § 1002(7).

7. Dina Hamilton was, at all times relevant to this matter, a beneficiary to the Trust, as Robert Hamilton's dependent, and as that term is used in 29 U.S.C. § 1002(8).

8. Plaintiff, Glen Lerner Injury Attorneys ("Plaintiff"), was the law firm representing Dina Hamilton with respect to the Trust's claims herein.

9. Dina Hamilton was injured as a result of a car accident on January 5, 2007.

10. At the time of injury, Dina Hamilton was a beneficiary to the Trust.

11. The rules under which a beneficiary, like Dina Hamilton, may receive Trust benefits are set forth in the Trust's Summary Plan Description.

12. The Trust's rules include many provisions designed to preserve Trust assets for the payment of benefits to its participants and their family members.

13. Because the Trust is a VEBA, and not a for-profit insurance company, the Trust (through its Trustees) must take steps, through the adoption of Trust rules and otherwise, to ensure the Trust expends the limited resources it has as prudently and frugally as possible.

14. One such rule adopted by the Trust is that, if the Trust pays for injuries caused to a Trust participant by a liable third party, the Trust must be repaid out of recoveries from that liable third party.

15. The Trust's rules in this regard are designed to be fair and equitable to all participants, whose employer contributions are used to pay claims, and to ensure repayment to the Trust out of any recovery from a third party.

16. The Trust's rules state that, to the extent a beneficiary, like Dina Hamilton, recovers from a third party after the Trust has already paid benefits, the beneficiary is required to reimburse the Trust for those benefits within ten (10) days of such recovery ("Repayment Rights").

17. The Trust's Repayment Rights extend to a beneficiary's attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a participant.

18. The Trust's rules provide that when a beneficiary is injured by a third party, from the moment medical services are rendered for which the Trust pays benefits, the Trust has a first priority lien on any recoveries from a liable third party, no matter how labeled or denominated ("Lien Rights").

19. The Trust's Lien Rights extend to a beneficiary's attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary.

20. The Trust's rules provide that, to the extent a beneficiary recovers from a third party after claims have already been paid by the Trust, the beneficiary holds those funds in

5

constructive trust for the Trust and must pay such amounts over to the Trust within ten (10) days of receipt ("Constructive Trust").

21. The Trust's Constructive Trust rights extend to a beneficiary's attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary.

22. The Trust's rules provide that any recoveries owed by a third party are deemed assigned to the Trust prior to receipt by the beneficiary, or anyone else receiving such funds on her behalf, and such funds, thus assigned, are the sole property of the Trust and subject to immediate turnover to the Trust.

23. The Trust's rules explicitly require first priority and full reimbursement regardless of whether or not the amount recovered is sufficient to make the beneficiary whole and without deduction or offset for attorney's fees and costs.

24. The Trust's rules provide that all its third-party recovery rules, as set forth above, are cumulative and may be asserted singly, together and in any combination.

25. The Trust's rules provide a strict duty of cooperation with the Trust's third-party recovery rules. Failure to comply with such rules renders a participant ineligible for any Trust benefits under the terms of the ERISA-regulated employee welfare benefit plan.

26. The Trust's rules regarding third-party recoveries state that, if any legal action is required for the Trust to enforce any of its rights, the participant and beneficiaries shall be liable to the Trust for all its legal costs, fees and expenses, without regard to whether such legal action results in a judgment or order.

27. Plaintiff, on behalf of Dina Hamilton, has received recoveries from third parties that exceed all of the claims the Trust has paid for benefits on Dina Hamilton's behalf for her accident-related injuries.

28. Despite demands, Plaintiff, acting on Dina Hamilton's behalf, has failed and refused to repay to the Trust the amount of medical claims it has paid on behalf of Dina Hamilton related to the injuries caused by a third party.

6

29. To the contrary, Plaintiff sued the Trust in a state interpleader action, forcing the Trust to pay for attorney's fees and costs to defend that lawsuit and petition for removal to this Court.

30. The funds recovered from the third-party are currently being held by Plaintiff on Dina Hamilton's behalf.

## CLAIM ONE: ENFORCEMENT OF ERISA PLAN LIEN RULES AND FORECLOSURE OF LIEN
### (29 U.S.C. § 1132(a)(3))

31. Paragraphs 1 through 30 above are incorporated by reference here as though fully set forth.

32. Pursuant to the Trust's Summary Plan Description, an ERISA plan document, a lien exists on third-party recoveries in an amount equal to that paid out by the Trust due to Dina Hamilton's injuries.

33. Dina Hamilton has failed to turn over the third-party recoveries on which the lien exists.

34. Dina Hamilton should be ordered to turn over the property on which the Trust's lien exists, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Trust attributable to the third-party's liability to Dina Hamilton for her injuries, plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM TWO: CONSTRUCTIVE TRUST
### (29 U.S.C. § 1132(a)(3))

35. Paragraphs 1 through 34 above are incorporated by reference here as though fully set forth.

36. Pursuant to the Trust's Summary Plan Description, an ERISA plan document, a constructive trust exists on third-party recoveries in an amount equal to that paid out by the Trust due to Dina Hamilton's injuries.

37. Dina Hamilton has failed to turn over the third-party recoveries, which her attorney holds in trust for the benefit of the Trust.

38. Dina Hamilton should be ordered to turn over the property her attorney holds in constructive trust for the Trust, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Trust attributable to the third-party's liability to Dina Hamilton for her injuries plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM THREE: ENFORCEMENT OF ERISA PLAN REPAYMENT RULES
## (29 U.S.C. § 1132(a)(3))

39. Paragraphs 1 through 38 above are incorporated by reference here as though fully set forth.

40. Pursuant to the Trust's Summary Plan Description, an ERISA plan document, beneficiaries and their attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary must repay to the Trust third-party recoveries in an amount equal to that paid out by the Trust due to their injuries, which amounts are deemed assigned to the Trust under its rules.

41. Dina Hamilton has failed to turn over the third-party recoveries in direct violation of the Trust's third-party repayment rules.

42. Dina Hamilton should be ordered to turn over the amounts required to be repaid pursuant to the Trust's third-party repayment rules, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Trust attributable to the third-party's liability to Dina Hamilton for her injuries plus attorney's fees and costs incurred by the Trust in this lawsuit.

## CLAIM FOUR: PRELIMINARY INJUNCTION

43. Paragraphs 1 through 42 above are incorporated by reference here as though fully set forth.

44. The Trust will suffer irreparable harm if no injunction is issued as its ability to recover the amounts to which it is entitled will be severely limited.

45. The Trust is likely to succeed on the merits of its claims for repayment and reimbursement.

46. The balance of hardships tips in favor of the Trust because issuance of the injunction would merely delay Dina Hamilton's ability to disburse the funds until the Court has

made its determination; however, failure to issue the injunction, and thereby allowing Dina Hamilton to dissipate or disburse the funds, would severely limit the Trust's ability to recover the amounts to which it is entitled.

47. It is clearly in the public interest to protect employee benefit plans, like the Trust, and see that rules intended to provide funding and security for the promised benefits they provide are upheld.

## CLAIM FIVE: DECLARATORY JUDGMENT
## (28 U.S.C. § 2201)

48. Paragraphs 1 through 47 above are incorporated by reference here as though fully set forth.

49. Contrary to the Trust's claims above, Dina Hamilton has completely failed to disburse the amounts owed to the Trust.

50. Thus, a dispute has arisen and an actual controversy exists between Dina Hamilton and the Trust with regard to the proper interpretation and application of the Trust's plan.

51. A declaration of rights, responsibilities and obligations of Dina Hamilton and the Trust is essential to determine the respective rights and obligations of the parties hereto.

WHEREFORE, the Trust prays for relief as follows:

1. Attorney's fees and costs to bring this third party complaint;
2. Judgment against Dina Hamilton for an amount determined at trial;
3. Prejudgment interest;
4. Temporary and preliminary injunctive relief preventing the distribution or dissipation of the third-party recoveries received by Dina Hamilton;
5. For a declaratory judgment against Dina Hamilton as set forth above.

///

///

6. For such other relief as the Court deems appropriate.

Dated this 28th day of May, 2013.  BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Bryce C. Loveland
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants Wilson-McShane Corporation*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 28th day of May, 2013, I served a true copy of the foregoing **WILSON-MCSHANE CORPORATION'S THIRD PARTY COMPLAINT AGAINST DINA HAMILTON** upon:

> Justin G. Randall, Esq.
> GLEN LERNER INJURY ATTORNEYS
> 4795 South Durango Drive
> Las Vegas, NV 89147
> jrandall@glenlerner.com
>
> *Attorney for Plaintiffs*

☒ a.  **BY CM/ECF System.**

☒ b.  **BY PERSONAL SERVICE**

> Dina Hamilton
> 3624 Iverson Lane
> North Las Vegas, NV 89032
>
> *Third Party Defendant*

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

020052\0003\10380646.1